■ Richard Herrmann et al., Respondents, v. Paul Fitzpatrick, Appellant, and Douglas Whelan, Defendant. — In a negligence action to recover damages for personal injuries, loss of services and medical expenses, defendant Paul Fitzpatrick appeals, as limited by his notice of appeal and his brief, from so much of a judgment of the Supreme Court, Nassau County, entered January 28, 1972, as is against him upon a jury verdict (1) in favor of plaintiff Betty Herrmann for $55,000 for her personal injuries (second cause of action) and (2) in favor of plaintiff Richard Herrmann for $5,000, on his derivative cause of action for loss of services and medical expenses (third cause of action). Judgment modified, on the law, by (1) deleting the figure " $5,500.00 " in the second decretal paragraph thereof and substituting therefor the figure " $500 " (the latter representing the amount of the jury award to Richard Herrmann for his personal injuries [first cause of action]), and (2) striking therefrom the first decretal paragraph and adding thereto a provision granting a new trial as to Betty Herrmann's personal injury cause of action and Richard Herrmann's derivative cause of action for loss of services; and medical expenses, on the issue of damages only, with appropriate severance of said causes of action, unless, within 30 days after entry of the order to be made hereon, plaintiffs shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce Betty Herrmann's award to $25,000 and Richard Herrmann's award for loss of services and medical expenses to $2,500 and to the entry of an amended judgment accordingly. In the event plaintiffs comply with the above condition as to stipulating, the amended judgment, as reduced herein for Richard Herrmann's cause for personal injuries and as

reduced by the stipulation, is affirmed insofar as appealed from, without costs. In the event of noncompliance, the judgment as modified herein, for Richard Herrmann for the herein changed amount of $500, for his personal injuries, and providing for a new trial and for severance of causes, is affirmed insofar as appealed from, with costs to abide the event of the new trial. The appeal, as limited by appellant's brief, did not present questions of fact. In our opinion, the verdicts for Betty Herrmann and for Richard Herrmann on his derivative cause of action were excessive to the extent indicated herein. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.